# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| -vs- | ) Case No. CR-21-067-003-F |
| PEDRO BENITEZ-PERALTA, | ) |
| Defendant. | ) |

## ORDER

Defendant Pedro Benitez-Peralta, proceeding *pro se*, has filed a motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.).[1]  Doc. no. 199.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 201.  The matter is at issue.

On October 12, 2021, defendant pleaded guilty, pursuant to a plea agreement, to a one-count Superseding Information, charging defendant with a drug conspiracy in violation of 21 U.S.C. § 846.  The Probation Office prepared a final presentence investigation report (doc. no. 141), which calculated defendant's base offense level at 38.  Defendant received a two-level enhancement under U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation of methamphetamine from Mexico, a two-level enhancement under U.S.S.G. § 2D1.1(b)(12) because he maintained a premises for the purpose of manufacturing and distributing a controlled substance,

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

and a two-level reduction under U.S.S.G. § 2D1.1(b)(18) because defendant met the safety-value criteria in paragraphs (1)-(5) of subsection (a) of U.S.S.G. § 5C1.2, resulting in an adjusted offense level of 40.  After applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 37.

Based on his criminal history, defendant was assessed a criminal history score of one, establishing a criminal history category of I.  Because his offense was not committed while under a criminal justice sentence, defendant was not assessed any "status points" under U.S.S.G. § 4A1.1.  A total offense level of 37, combined with a criminal history category of I, resulted in an advisory guideline imprisonment range of 210 months to 262 months.

At sentencing, the court adopted the final presentence investigation report without change.  The court varied downward and sentenced defendant to a term of imprisonment of 120 months.  Judgment was entered on March 28, 2022.  Defendant did not file a direct appeal.

In his motion, defendant asks the court to adjust his sentence based upon Subpart 1 of Part B of the Amendment 821 to the United States Sentencing Guidelines.

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Congress has provided a few exceptions to this rule.  One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission.  *Id*.

2

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 200), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 – Subpart 1 of Part B or Part A.

Subpart 1 of Part B of Amendment 821 creates a new § 4C1.1 guideline, which provides for a decrease of two offense levels for "zero-point offenders" whose offense meets the guideline's criteria. However, defendant is not a zero-point offender because he was assessed a criminal history score of one based on his prior criminal history. Because he is not a zero-point offender, defendant is not eligible for a sentence reduction under Subpart 1 of Part B of Amendment 821.

Part A limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1. Specifically, it decreases "status points" by one point for a defendant with seven or more criminal history points, and it eliminates the "status points" for a defendant with fewer than seven criminal history points. However, for Part A to apply, a defendant must have been assessed "status points." Here, defendant was not assessed any "status points" because his offense was not committed while under a criminal justice sentence. Thus, he is not eligible for a sentence reduction under Part A of Amendment 821.

Because defendant is not eligible for a sentence reduction under either Subpart 1 of Part B or Part A of Amendment 821, the court finds that defendant's motion should be dismissed.

Accordingly, defendant Pedro Benitez-Peralta's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) (doc. no. 199) is **DISMISSED**.

IT IS SO ORDERED this 18th day of July, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0067p035 (Benitez-Peralta)